**Karen L. EDWARDS,
Plaintiff–Appellee,**

v.

**OCCIDENTAL CHEMICAL CORPORA-
TION, Defendant–Appellant.**

**Nos. 88–3782, 88–4144.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 1989.

Decided Jan. 9, 1990.

Robert L. Beale, Tacoma, Wash., for defendant-appellant.

Jerry J. Belur, Cromwell, Mendoza & Belur, P.S., Seattle, Wash., for plaintiff-appellee.

Before WRIGHT, WALLACE and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

After a bench trial, the district court awarded Karen Edwards judgment in her Title VII action against Occidental Chemical Corporation ("OCC"). The court found that Edwards had been denied a promotion because she was a female. The district court awarded her back pay of $46,238.00, front pay in an amount equal to the annual salary she would have earned during the duration of her working life expectancy had she received the promotion, and attorney fees. OCC appeals. It contends that (1) Edwards' Title VII action was time barred, (2) the evidence does not support the judgment that OCC discriminated against Edwards, and (3) the damage award was improper.

We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and remand for further proceedings.

## FACTS

Edwards and OCC stipulated to the following facts in an agreed pretrial order: OCC hired Edwards on June 23, 1979 as a clerk typist in the shipping department. Two years later OCC promoted her to traffic clerk. On September 26, 1983 she became the shipping assistant. During times when her supervisor was hospitalized and following his death, Edwards performed the duties of freight supervisor. She performed these duties from December 1, 1983 until March 1, 1984 and from December 3, 1984 until February 1, 1985. She performed the duties of freight supervisor well and was qualified for this position.

No woman had ever been promoted to freight supervisor. Ever since 1950 every freight supervisor had been selected from within the shipping department, the department in which Edwards worked.

On February 1, 1985 OCC promoted James Phillips, a male employee in the tank car maintenance division, to the supervisor position. This promotion occurred after OCC added five job requirements related to tank car maintenance. The position was renamed "shipping supervisor." The five new requirements account for approximately ten percent of the time required for the overall duties of the shipping supervisor. The remaining ninety percent of the shipping supervisor's time is spent on duties previously performed by the freight supervisor and involves shipping. The district court found that Phillips had no prior shipping or freight experience.

When Edwards was denied the promotion, she filed a complaint with the Tacoma Human Rights Commission, a designated Equal Employment Opportunity Commission ("EEOC") agency. She alleged that her employer, OCC, refused to promote her because she was a female. On July 31, 1986 Edwards filed a complaint in district court asserting a Title VII action. The Commission issued a right to sue letter on August 14, 1986.

The complaint's caption named as defendants "Occidental Petroleum Corporation, a foreign corporation, d/b/a Occidental Chemical Corporation and Occidental Chemical Properties Corporation, d/b/a Hooker Industrial Specialty Chemicals" and various individual defendants. The body of the complaint described the corporate defendant as "Occidental Petroleum Corporation ... a commercial corporation licensed to do business in the State of Washington and doing business in Tacoma, Washington as Occidental Chemical Properties Corporation and Occidental Chemical Corporation." Process was served on "Joe Morgan, President" of OCC on September 4, 1986.

Attorneys for Occidental Petroleum Corporation ("OPC") filed a notice of appearance on September 23, 1986 on behalf of OPC and a related company, reserving their objections to jurisdiction and service of process. OPC filed an answer on March

20, 1987, asserting that the court lacked personal jurisdiction over OPC and that OPC was not named in the Commission complaint as required under Title VII. OPC filed a summary judgment motion on April 21, 1987. The motion and accompanying affidavits set forth the relationships of the various corporations connected with OPC and OCC. These pleadings showed that OCC was Edwards' employer, not OPC.

Edwards' memorandum in opposition to OPC's motion for summary judgment noted the confusion over the appropriate name of Edwards' employer. This memorandum asserted that OCC had been named in the complaint (as a d/b/a of OPC) and had been put on notice of the suit by service of summons and the complaint on J.H. Morgan, the employee relations manager of OCC. Edwards requested an opportunity to amend her complaint under Fed.R.Civ.P. 15, if the court found OCC had not been properly named as a defendant in the action.

The court dismissed the complaint without prejudice on June 1, 1987, without explanation. Edwards filed a second complaint in which she named OCC as the sole defendant. This second complaint was filed July 2, 1987. OCC filed an answer on August 5, 1987 and moved for summary judgment, because the second complaint had not been filed within ninety days of Edwards' receipt of her right to sue letter. *See* 42 U.S.C. § 2000e–5(f)(1). The district court denied the motion, tried the lawsuit, and on April 4, 1988 awarded judgment in favor of Edwards. Throughout these proceedings Edwards continued to work at OCC as a shipping assistant. OCC appealed from the judgment. On April 10, 1989, while the appeal was pending, Edwards was given the contested promotion. She has been employed by OCC as the shipping supervisor ever since.

## ANALYSIS

### A. *Statute of Limitations*

An action brought under Title VII must be filed within ninety days of receipt of a right to sue letter from the EEOC or appropriate state agency. 42 U.S.C. § 2000e–5(f)(1). This filing period is a statute of limitations. *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170, 1174 (9th Cir.1986), *amended, reh'g denied*, 815 F.2d 570 (9th Cir.1987). Edwards filed her first complaint, incorrectly naming OPC as the defendant employer, on July 1, 1986, prior to receipt of her right to sue letter on August 14, 1986.[1] She filed her second complaint after the ninety-day period had expired. Unless the second complaint is an amendment which relates back to the date of the filing of the first complaint, Edwards' action is indeed time barred.

We first note that the "principal function of procedural rules should be to serve as useful guides to help, not hinder, persons who have a legal right to bring their problems before the courts," and "decisions on the merits are not to be avoided on the basis of mere technicalities." *Schiavone v. Fortune*, 477 U.S. 21, 27, 106 S.Ct. 2379, 2383, 91 L.Ed.2d 18 (1986) (cites omitted) (nonetheless holding that because notice of the original complaint was missing, amendment to add the proper party defendant was barred).

Federal Rule of Civil Procedures 15(a) states that leave to amend "shall be freely given when justice so requires." *See, e.g., Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Hurn v. Retirement Fund Trust*, 648 F.2d 1252 (9th Cir.1981). Under Ninth Circuit precedent, Edwards' request for leave to amend her complaint to name OCC as the proper defendant should have been granted.[2] *See,*

1. A Title VII complainant may file an action prior to receiving her right to sue letter, provided there is not evidence showing that the premature filing precluded the state from performing its administrative duties or that the defendant was prejudiced by such filing. *Wrighten v. Metropolitan Hospitals, Inc.*, 726 F.2d 1346, 1351

(9th Cir.1984). There is no such evidence in this case.

2. Edwards did not call the request in her opposition to OPC's motion for summary judgment a "motion for leave to amend," and she did not tender a formal amendment. But these circumstances did not preclude the district court from

*e.g., Breier v. Northern California Bowling Proprietors' Ass'n,* 316 F.2d 787, 789–90 (9th Cir.1963) (leave to amend should be granted if underlying facts provide proper grounds for relief or if complaint can be saved by amendment). There was no undue delay, bad faith, futility of amendment, or prejudice to the opposing party. *See Hurn,* 648 F.2d at 1254. The amendment requested would have saved the complaint.

The district court dismissed Edwards' first complaint "without prejudice." It gave no reason for the dismissal, and said nothing about the request for leave to amend. After Edwards filed her second complaint, OCC moved for summary judgment and asserted the ninety-day statute of limitations as a bar to the action. This was the only ground on which OCC's summary judgment motion was based. The district court denied the motion without comment.

Logic forces the conclusion that the district court did indeed allow Edwards to amend her first complaint. The only reason for dismissal of the first complaint was that Edwards had sued the wrong corporate defendant. The dismissal was "without prejudice," and the underlying action was not dismissed. When OCC moved to dismiss Edwards' second complaint, the district court denied the motion. Because the ninety-day limitations period clearly had expired by the time the second complaint was filed, the only logical reason for the district court's denial of OCC's summary judgment motion had to be that the district court regarded the second complaint as the functional equivalent of an amendment of the original complaint which had been timely filed. This analysis is further buttressed by the fact that the district court in its Findings of Fact and Conclusions of Law

stated that "the plaintiff's claim in this matter was timely filed." This finding could only be true if the second complaint was treated as an amended complaint.

But even if the district judge correctly viewed the second complaint as an amended complaint, Edwards' Title VII action against OCC would still be time barred unless the amendment related back to the date the earlier complaint was filed. Relation back depends upon the application of Fed.R.Civ.P. 15(c).

Under Rule 15(c) a defendant not accurately named in an original complaint may be added after the statute of limitations has expired. *Korn v. Royal Caribbean Cruise Line, Inc.,* 724 F.2d 1397, 1399 (9th Cir.1984); *Craig v. United States,* 413 F.2d 854, 857 (9th Cir.), *cert. denied,* 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969). An amendment relates back to the date of the original filing if the claim asserted by the amendment arose out of the same conduct, transaction or occurrence upon which the first complaint was based, and if, within the filing period prescribed by law, the party being brought in by amendment:

> (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c); *Schiavone,* 477 U.S. at 29, 106 S.Ct. at 2384; *Miles v. Department of the Army,* 881 F.2d 777, 781 (9th Cir. 1989).

Edwards' second complaint plainly meets the same transaction or occurrence test of

granting leave to amend. *See Simons v. United States,* 497 F.2d 1046, 1049 n. 2 (9th Cir.1974) (citing *Davis v. Yellow Cab Co.,* 35 F.R.D. 159, 162 (E.D.Pa.1964); *Smith v. Blackledge,* 451 F.2d 1201 (4th Cir.1971)); *cf. Galindo v. Stoody Co.,* 793 F.2d 1502, 1513 (9th Cir.1986) ("Although no formal amendment was made, a district court may amend the pleadings merely by entering findings on the unpleaded issues."); *Davis & Cox v. Summa Corp.,* 751 F.2d 1507, 1522 (9th Cir.1985) (Rule 15(b) allows amendment to conform pleadings to evidence "even if the parties have failed formally to amend the pleadings."); *Consolidated Data Terminals v. Applied Digital Data Sys., Inc.,* 708 F.2d 385, 396 (9th Cir.1983) ("even if the pleadings are never amended, the rule allows a judgment on an issue to stand if the issue has been tried by express or implied consent"); *Dunn v. Trans World Airlines,* 589 F.2d 408, 413 (9th Cir.1978) ("Failure to formally amend the pleadings will not jeopardize a verdict or judgment based upon competent evidence.").

Rule 15(c). Only the named defendant changed.

■ To satisfy the notice requirement of Rule 15(c), the plaintiff must show the new defendant had actual notice of the action prior to the expiration of the limitations period. *Cooper v. United States Postal Serv.*, 740 F.2d 714, 716–17 (9th Cir.1984), *cert. denied*, 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985); *Korn*, 724 F.2d at 1399; *Craig*, 413 F.2d at 857–58. Notice may be formal or informal. *Korn*, 724 F.2d at 1399.

OCC had the requisite notice. Edwards' first complaint, together with a summons, was served on Joe (or J.H.) Morgan, OCC's employee relations manager, at OCC's business address on September 4, 1986. This notice was well within the ninety-day filing period which began to run on August 14, 1986.

Under Fed.R.Civ.P. 4(d)(3), service may be made on a corporation "by delivering a copy of the summons and of the complaint to an officer, managing or a general agent, or to any other agent authorized by appointment or by law to receive service of process." In this circuit, service may be made upon any individual " 'so integrated with the organization that he will know what to do with the papers' " and " 'who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service.' " *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir.1988) (quoting *Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa*, 428 F.Supp. 1237, 1251 (S.D.N.Y.1977)). Morgan received service of the EEOC charge and forwarded a copy to OCC. As employee relations manager of OCC, Morgan responded to the EEOC charge by letter on behalf of OCC. Service on Morgan to effectuate service on OCC was appropriate.

In addition to the notice OCC received through service on Morgan, OCC's attorney, Barbara Jo Sylvester, had notice of Edwards' employment discrimination charge and the filing of her original complaint. Sylvester was the attorney for both OPC and OCC. She represented OCC before the EEOC and in the trial. She knew that OCC, not OPC, was the proper defendant when the original complaint was filed, but she did not file an answer asserting that OPC was the wrong defendant until March 20, 1987, more than six months after service of process.

We conclude that Edwards' second complaint, which was an amended complaint, met the relation back requirements of Rule 15(c). The amendment related back to the filing of Edwards' original complaint, and as a result her Title VII claim was timely filed.

## B. *Sufficiency of Evidence*

■ A finding of discriminatory intent in a Title VII case is a question of fact and will not be overturned unless clearly erroneous. *Jauregui v. City of Glendale*, 852 F.2d 1128, 1131 (9th Cir.1988). We must affirm the district court's factual findings unless left with the "definite and firm conviction that a mistake has been committed." *Atonio v. Wards Cove Packing, Co.*, 827 F.2d 439, 443 (9th Cir.1987), *rev'd in part on other grounds*, —— U.S. ——, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989).

■ OCC asserts that the district court erred in finding Edwards was not considered for the shipping supervisor position, and the court incorrectly concluded that the decision not to consider Edwards was itself evidence of discriminatory intent. We disagree. Edwards presented evidence, with which OCC agreed, that after she had been working as "acting" freight supervisor during Meyers' illness and following his death, the freight supervisor position job classification was modified to include five new job qualifications which she did not have. For the last fifty years the position had been filled from within the shipping department, no woman ever had held the job. OCC went outside the shipping department to give the job promotion to James Phillips.

Edwards testified that Webber told her she was not being considered for the position, and that when she asked him if it was

because she was a woman, Webber replied he would be a fool if he told her that. David Scholes, Chemical's plant manager, testified that Webber had made the decision to hire Phillips, and Scholes had approved that decision based on Webber's recommendation. Webber testified at trial that he had recommended Phillips for promotion, but on cross-examination admitted that he had stated in a prior deposition that he had never made a recommendation regarding the promotion and had not participated in the hiring process or decision to fill the vacancy. Neither Phillips nor Edwards were ever interviewed for the job.

Scholes also testified that he promoted Phillips based on a recommendation that it would take longer to train Edwards in the five tank car maintenance job areas than it would take to train Phillips in the shipping areas. Morgan, OCC's employee relations manager, testified that the maintenance duties were technical, and that it would take only thirty days for Phillips to learn the shipping duties. In contrast, Frank O'Bryan, the maintenance technician who preceded Phillips, testified that the only training necessary for the maintenance duties was the ability to use a telephone to call the appropriate person to get the maintenance work done. Edwards also testified that it took over two years to train Phillips in the shipping duties. While the evidence may have been conflicting, the trial court resolved the conflicts and it did not clearly err in so doing.

■ OCC also argues that the district court erred in refusing to adopt OCC's expressed reasons for promoting Phillips instead of Edwards. The district court determined that OCC's proffered reasons were pretextual. There has been some suggestion in our cases that the standard of review for such a determination is de novo. *See Atonio*, 827 F.2d at 443; *Thorne v. City of El Segundo*, 726 F.2d 459, 465 & n.6 (9th Cir.1983), *cert. denied*, 469 U.S. 979, 105 S.Ct. 380, 83 L.Ed.2d 315 (1984). Notwithstanding these suggestions, we have not heretofore decided the issue. We do now. We conclude that a district court's determination that an em-

ployer's explanation for a promotion decision is pretextual involves an essentially factual inquiry and is reviewable under the clearly erroneous standard. *See United States v. McConney*, 728 F.2d 1195, 1202 (9th Cir.), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984); *Daniels v. Board of Ed.*, 805 F.2d 203, 209 (6th Cir. 1986); *Goostree v. State*, 796 F.2d 854, 861–62 & n. 2 (6th Cir.1986), *cert. denied*, 480 U.S. 918, 107 S.Ct. 1374, 94 L.Ed.2d 689 (1987); *see also Wrighten*, 726 F.2d at 1356 (applying the clearly erroneous standard of review of district court's finding of pretext); *Boudreaux v. Helena–West Helena School Dist.*, 819 F.2d 854, 855–56 (8th Cir.1987) (same); *cf. Jauregui*, 852 F.2d at 1131–32 (finding of discriminatory intent in Title VII cases is a question of fact reviewed under the clearly erroneous standard). Applying this standard of review, we cannot say the district court's determination that OCC's explanations were pretextual is clearly erroneous.

We conclude that there is substantial evidence in the record to support the district court's finding that OCC discriminated against Edwards on the basis of her sex when it failed to promote her to the position of shipping supervisor.

### C. *Damages*

■ The district court has wide discretion in awarding remedies to make a Title VII plaintiff whole. *Thorne v. City of El Segundo*, 802 F.2d 1131, 1133 (9th Cir. 1986). We review a district court's award of damages under an abuse of discretion standard. *See Sangster v. United Airlines, Inc.*, 633 F.2d 864, 867 (9th Cir.1980), *cert. denied*, 451 U.S. 971, 101 S.Ct. 2048, 68 L.Ed.2d 350 (1981).

#### 1. Mitigation

■ OCC argues that because Edwards continued to work at OCC following the company's failure to promote her to the shipping supervisor position, Edwards failed to mitigate her damages by not seeking other employment, comparable to the shipping supervisor position.

This contention flies in the face of Title VII's purpose. One of Title VII's primary objectives is to eradicate discrimination in the workplace. *Thorne*, 802 F.2d at 1133–34. "The purposes of Title VII are best served when parties, *where possible*, attack discrimination within the context of their existing employment relationships.... An employee, faced with an obstacle in the logical progression and development of a career should not quit at the first sign of institutional discrimination." *Id.* at 1134.

Further, the burden is on OCC to prove that Edwards failed to mitigate her damages. *Coleman v. City of Omaha*, 714 F.2d 804, 808 (8th Cir.1983). OCC did not prove that Edwards unreasonably failed to seek comparable substitute employment. *See E.E.O.C. v. Pacific Press Publishing Association*, 482 F.Supp. 1291, 1317 (N.D. Cal.1979), *aff'd*, 676 F.2d 1272 (9th Cir. 1982). Moreover, the availability of other employment comparable to the shipping supervisor position was never shown.

■ The district court did not err in awarding back pay based upon its computation of the difference between what Edwards earned at her shipping assistant position and what she would have earned had she received the shipping supervisor promotion, calculated from the time the promotion was given to Phillips, February 1, 1985, to the date of the judgment, March 31, 1988. The district court computed this back pay to be $46,238.00. We find no error in this computation.

2. Front Pay

■ OCC argues that the district court's award of front pay was inappropriately vague and failed to specify that the award would be offset by any income earned by Edwards during the time of the front pay award. *See Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1347 (9th Cir.1987), *cert. denied*, 484 U.S. 1047, 108 S.Ct. 785, 98 L.Ed.2d 870 (1988). The front pay order also failed to specify an ending date of the award. However, these concerns have been overcome by Edwards' willingness to stipulate to a modification of the front pay award limiting it to the difference between the salary she received as shipping assistant and the salary she would have received as the shipping supervisor for the period from the date of the district court's judgment, March 31, 1988, to the date she was promoted, April 10, 1989.

The district court's award of front pay beyond the date Edwards obtained the desired promotion must be vacated. The award of front pay was designed to provide Edwards with the salary differential to which she would have been entitled had she received the promotion. Once she did in fact receive the promotion, there was no basis for a further front pay damage award. *See E.E.O.C. v. Pacific*, 482 F.Supp. at 1320–21 n. 44.

We decline to address the issue of whether hostility is required to support the award of front pay in the context of this case. The parties' joint pretrial order frames the front pay issue: "If plaintiff prevails under RCW 49.60, should she be awarded lost wages, past and future, as compensatory damages?" The presence or absence of hostility with regard to an award of front pay under 42 U.S.C. §§ 2000(e) et seq. was never presented to the district court, nor was it designated an issue, made the subject of any evidence one way or the other, or argued by the parties to the district court or in their briefs to this court. Accordingly, the effect, if any, of hostility or the lack of it as it may pertain to the front pay award need not be decided in this case and we decline to do so. *See e.g.*, *Kates v. Crocker National Bank*, 776 F.2d 1396, 1398 (9th Cir.1985); *In re Municipal Bond Reporting Antitrust Litigation*, 672 F.2d 436, 439 n. 6 (5th Cir.1982); *Werner v. Hearst Publishing Co.*, 297 F.2d 145, 149 (9th Cir.1961).

D. *Attorney Fees for Appeal*

Edwards seeks attorney fees for this appeal pursuant to section 706(k) of Title VII, 42 U.S.C. § 2000e–5(k), and Ninth Circuit Rule 28–2.3.

■ Under section 2000e–5(k), "the court ... may allow the prevailing party ... a reasonable attorney's fee as part of costs...." The appellate court has discre-

tion to award attorney fees on appeal to prevailing parties as part of costs in Title VII cases. *Harmon v. San Diego County,* 736 F.2d 1329, 1331 (9th Cir.1984). Edwards is entitled to attorney fees for this appeal.

### CONCLUSION

We affirm the district court's award of back pay in the sum of $46,238.00. We vacate the district court's award of front pay and remand to the district court for computation of front pay damages in an amount consistent with this opinion. Edwards' attorney fees and costs for this appeal are to be fixed by the district court on remand.

AFFIRMED in part and REMANDED.