899 F.2d 1225
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Frank MARQUETTE, Plaintiff-Appellant,
v.
HILTON CASINOS, INC., dba Las Vegas Hilton, a Nevada
corporation; Hilton Hotel Corporation, a foreign
corporation, Defendant-Appellees.
 No. 88-15505.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 15, 1989.
Decided April 10, 1990.
 Before REINHARDT, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Frank Marquette appeals a district court's post-trial decision that Hilton Casinos, Inc. ("Hilton") did not discriminate against him on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621. We affirm.
 
 
 3
 * Marquette worked almost twenty years for Hilton before he was terminated in 1986 at the age of sixty-one. The man who replaced him was thirty-two. Marquette's job performance from 1967 to 1984 was satisfactory. However, when management of the casino changed hands in 1984, Marquette's employment record became marked with several instances of disciplinary action.
 
 
 4
 He received at least four warnings for not complying with important casino rules. One warning concerned a violation of Regulation 6A of the Nevada Gaming Commission, which can carry criminal penalties. Hilton suspended him for three days for failure to comply with the state regulation. Hilton also believed that Marquette anonymously telephoned a casino patron and told the patron that a Hilton casino dealer, with whom Marquette had a long-standing feud, had made derogatory remarks about the patron's wife.
 
 
 5
 Hilton suspended Marquette in 1986 for failure to comply with a recently revised policy requiring him to rate players. The policy was designed to obtain information on the betting action of significant players in the casino. Hilton believed that the non-compliance rate with the policy was between 10 and 25 percent. The casino singled out Marquette and another employee over sixty to be tested for compliance with the revised policy. The casino management thought that these employees were the weakest in rating players, but it could not identify any complaints about their rating ability. Even though the investigation revealed that both employees erred in rating players, Hilton did not later investigate other employees for non-compliance. The trial court found that the evidence in support of Marquette's non-compliance was at best marginal.
 
 
 6
 Marquette requested that a committee review his suspension. He walked out on the hearing because he felt that it was not fair and that the decision of the review committee was preordained. Hilton terminated Marquette for "violation of various rules, the most recent concerning not evaluating a customer's play" and noted that he "walked out of the review committee hearing prior to its completion." Marquette brought suit against Hilton.
 
 
 7
 After a trial, the district judge decided that Hilton had not treated Marquette fairly. He noted that termination did not seem warranted by Marquette's relatively minor infractions. However, the court acknowledged that employees-at-will are not legally entitled to fair treatment. In order to prevail, Marquette needed to prove that he was discriminated against on the basis of age. The court could not find that "age was a determining factor in the treatment he received by management."
 
 
 8
 The trial court concluded that Marquette established a prima facie case of discrimination, but it decided that Hilton articulated legitimate, nondiscriminatory reasons for terminating Marquette. In its final analysis, the court held that Marquette had failed to prove that the reasons offered by Hilton were pretextual or that Hilton was motivated by discriminatory intent.
 
 
 9
 Marquette appeals. A district court's determination that an employer's explanation for a termination decision is not pretextual "involves an essentially factual inquiry and is reviewable under the clearly erroneous standard." See Edwards v. Occidental Chemical Corp., 892 F.2d 1442, 1448 (9th Cir.1990). Ultimate determinations of discrimination after a case is fully tried are also reviewed under the clearly erroneous standard. Anderson v. Bessemer City, 470 U.S. 564, 573 (1985).
 
 II
 
 10
 The Supreme Court set forth the evidentiary burdens for disparate treatment cases in Texas Dept. of Community Affairs v. Burdine:
 
 
 11
 First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant 'to articulate some legitimate, nondiscriminatory reason for the employee's rejection.' Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. The nature of the burden that shifts to the defendant should be understood in light of the plaintiff's ultimate and intermediate burdens. The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.
 
 
 12
 450 U.S. 248, 252-253 (1981) (citations omitted). Although Burdine involved a Title VII claim, we have applied its framework in cases brought under the ADEA. See, e.g., Merrick v. Farmers Insurance Group, 892 F.2d 1434, 1436-1437 (9th Cir.1990).
 
 
 13
 Hilton does not contend that Marquette failed to establish a prima facie case. Similarly, Marquette cannot argue that Hilton's proffered reasons for termination, if not pretextual, do not justify dismissal. The parties do not agree on the issue of pretext.
 
 
 14
 Marquette's contention that Hilton's reasons were pretextual is not without support. At trial, he argued that Hilton disciplined older employees more severely than younger employees, that the previous casino management had decided to put on a "new face" by replacing its oldest long-term employees, and that management had made reference to older employees as "old" or by age. However, Marquette cannot prevail on appeal merely by pointing to evidence which supports an inference of discrimination. He must prove that the trial court's failure to find that Hilton did not discriminate against him on the basis of age was clearly erroneous.
 
 
 15
 Hilton had several independent, non-discriminatory reasons for terminating Marquette. He had violated Regulation 6A of the Nevada Gaming Commission which can carry criminal penalties. Hilton Casinos believed that he also anonymously telephoned a casino patron and told the patron that a Hilton casino dealer, with whom Marquette had a long-standing feud, had made derogatory remarks about the patron's wife. Furthermore, he had received at least four warnings for not complying with important casino rules. He even walked out on his termination hearing. Considering Marquette's allegations of discrimination along with his employment record, we do not find clearly erroneous the trial court's decision that age did not play a motivating role in the Hilton's decision to terminate Marquette.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3