976 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Luther SPEARS, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General, Defendant-Appellee.
 No. 91-56518.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 22, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John L. Spears appeals pro se the district court's summary judgment dismissal of his Title VII, 42 U.S.C. § 2000(e) action alleging discrimination in connection with his termination from his position as a mail handler. The court found that Spears's action was time-barred because he had failed to file his complaint with the district court within the statutory 30-day filing period established under 42 U.S.C. § 2000(e)5(f)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 Spears was terminated from his position as a mailhandler by Anthony Frank, the United States Postmaster General. Subsequently, Spears filed an administrative complaint alleging discrimination in connection with his termination. Upon reviewing Spears's case, the Equal Employment Opportunity Commission ("EEOC") issued a final agency decision of no discrimination. This decision was delivered to Spears's house by certified mail on January 25, 1990 and was signed for by E. Brown. The EEOC decision included a notice entitled "Right to File a Civil Action," which informed Spears that he could file a civil action in a United States District Court within 30-days of his receipt of the notice.
 
 
 5
 Spears filed his action in the district court on May 15, 1990, approximately 110 days after the final agency decision was delivered to his house. Defendant Frank moved for summary judgment on the ground that Spears had failed to file his lawsuit within the statutory 30-day period. Spears conceded his timely failure to file, but asserted that defendant was under a duty to ensure that Spears personally received the notice his right-to-sue. Moreover, Spears contends that E. Brown, the person who signed for the letter at Spears's house, was not authorized to accept his mail.
 
 II
 Analysis
 
 6
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 7
 At the time Spears filed his claim, the EEOC was required to notify a claimant that he has the right to bring an action in district court within 30 days from the date of the receipt of the right-to-sue notice.[1] This 30-day period constitutes a statute of limitations under Title VII. See Edwards v. Occidental Chem. Corp., 892 F.2d 1442, 1445 (9th Cir.1990). If the claimant fails to file an action within this period, the action is barred. Id.
 
 
 8
 We have held that the language of the statute establishes the filing period as running from the "giving of such notice" rather than from the date the claimant actually "receives" notice in hand. 42 U.S.C. § 2000(e)5(f)(1); see Scholar v. Pacific Bell, 963 F.2d 264, 268 (1992). In Scholar, we found that the filing period began to run when the "right-to-sue" letter was received by the claimant's daughter, even though the claimant did not learn of the letter until five days later. 963 F.2d at 268; see also Harvey v. New Bern Police Dep't, 813 F.2d 652, 653-54 (4th Cir.1987) (filing period began when EEOC's right-to-sue letter was received by claimant's wife even though claimant did not learn of letter until six days later); Espinoza v. Missouri Pac. R.R. Co., 754 F.2d 1247, 1248-50 (5th Cir.1985) (filing period began when EEOC's right-to-sue letter was received by claimant's wife even though the claimant did not learn about the letter until he returned from out of town eight days later).
 
 
 9
 Thus, contrary to Spears's contention, the statute of limitations will not be tolled simply because the right-to-sue letter was not delivered to Spears himself. See Scholar, 963 F.2d at 268. Moreover, Spear has not submitted any evidence demonstrating exceptional circumstances which would warrant a tolling of the statute. See Irwin v. Veterans' Admin., 111 S.Ct. 453, 457-58 (1990) (equitable tolling allowed in extreme cases such as when claimant is tricked by an adversary into letting a deadline expire, or when the EEOC's notice of the statutory period is clearly inadequate). Spears does not explain when or how or from whom he actually received the EEOC notice. Nor did he offer any evidence in opposition to defendants motion for summary judgment. Accordingly, because there is no genuine issue as to any material fact, the district court properly granted summary judgment in favor of defendant Frank. See Celotex, 477 U.S. at 323.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Spears's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Subsequently, the statutory period was changed to allow the claimant a 90 day filing period. 42 U.S.C. § 2000(e)5(f)(1)