979 F.2d 856
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Blondine SWAIN, Plaintiff-Appellant,
v.
NEW YORK LIFE INSURANCE CO., Defendant-Appellee.
 No. 92-15124.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 18, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Blondine Swain appeals pro se the district court's dismissal of her Title VII employment discrimination action against New York Life as time-barred under 42 U.S.C. § 2000e-5(f)(1). Swain contends that: (1) 42 U.S.C. § 2000e-5(f)(1) permits her to file a complaint in district court within 90 business, rather than calendar, days of receiving a right to sue letter from the Equal Employment Opportunity Commission (EEOC); (2) the right-to-sue letter was ambiguous and misleading; (3) she should have been allowed a grace period within which to file her complaint; and (4) she is entitled to a decision on the merits of her discrimination claims.
 
 
 3
 We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of New York Life's motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We affirm.
 
 
 4
 42 U.S.C. § 2000e-5(f)(1) provides, in part: "[i]f a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission ... the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge...." 42 U.S.C. § 2000e-5(f)(1) is a statute of limitations. Edwards v. Occidental Chem. Corp., 892 F.2d 1442, 1445 (9th Cir.1990). If a claimant fails to file a complaint within 90 days of notice, her action is barred by the statute. Id.
 
 
 5
 The "giving of notice" occurs when a right-to-sue letter sent by the EEOC is received and signed for. See Scholar v. Pacific Bell, 963 F.2d 264, 267 (9th Cir.), cert. denied, 61 U.S.L.W. 3239, 3261 (1992). In her opposition to New York Life's motion to dismiss, Swain stated that she received the right-to-sue letter via certified mail on March 29, 1991. Accordingly, Swain was required to file her complaint by June 27, 1991. See 42 U.S.C. § 2000e-5(f)(1). Swain did not file her complaint until August 12, 1991, 136 days after she received the right-to-sue letter.
 
 
 6
 Swain argues that 42 U.S.C. § 2000e-5(f)(1) requires that a complaint be filed within 90 business days, rather than calendar days, after receipt of a right-to-sue letter. However, for the purposes of time computation under the federal rules, non-business days may be excluded only when the time allowed for an act is less than 11 days. Fed.R.Civ.P. 6(a). Moreover, Swain's complaint was not filed within 90 days even if Saturdays, Sundays, and legal holidays are excluded.
 
 
 7
 Swain's argument that the notice was ambiguous or misleading is not supported by the record. The right to sue letter that Swain received clearly stated in capital letters: "IF CHARGING PARTY DECIDES TO SUE, CHARGING PARTY MUST DO SO WITHIN 90 DAYS FROM THE RECEIPT OF THIS DETERMINATION; OTHERWISE THE RIGHT TO SUE IS LOST." While a plaintiff's failure to file a complaint within 90 days may be excused in appropriate circumstances under equitable doctrines such as waiver and tolling, no such circumstances are present here. See Valenzuela v. Kraft, Inc., 801 F.2d 1170, 1173-75, (9th Cir.1986), modified, 815 F.2d 570 (9th Cir.1987).
 
 
 8
 Similarly, Swain's contentions that she is entitled to a grace period and a decision on the merits are without support. 42 U.S.C. § 2000e-5(f)(1) permits just 90 days and does not mention a grace period. Swain's claims were properly dismissed without a determination on the merits because they were time-barred under 42 U.S.C. § 2000e-5(f)(1).
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3