5 F.3d 539
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Frank SANDERS, Plaintiff-Appellee,
v.
SECRETARY OF THE TREASURY, Defendant-Appellant.
 No. 92-15485.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 2, 1993.*
Decided Sept. 7, 1993.
 
 1
 Appeal from the United States District Court for the Eastern District of California; No. CV-89-00719-JFM, John F. Moulds, Magistrate, Presiding.
 
 
 2
 E.D.Cal.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: D.W. NELSON, and NORRIS, Circuit Judges; and TANNER, District Judge**.
 
 
 5
 MEMORANDUM***
 
 
 6
 Frank Sanders, a black male, is a retired Special Agent of the Bureau of Alcohol, Tobacco and Firearms ("ATF"), an agency of the Department of the Treasury. Sanders brought a discrimination suit against the ATF alleging that the severity of disciplinary action taken against him for an infraction, fourteen days suspension, was based on age and race discrimination and was in retaliation for protected activities.
 
 
 7
 In 1987 while Sanders was still an ATF agent, John Malone, a retired ATF special agent, who pled guilty to wire fraud in connection with an attempt to defraud the ATF, contacted Sanders and asked him to write a letter of reference for the court's consideration at sentencing. On May 10, 1987, Sanders received a noted from Malone with a letter of instruction from Malone's attorney again requesting Sanders' assistance and outlining various guidelines to follow when drafting and sending the letter. One suggestion was to use official letterhead for the letter of reference if not contrary to company policy.
 
 
 8
 In a letter dated May 20, 1987, Sanders wrote a personal letter of reference addressed to the Judge of the United States District Court in care of George Walker, Mr. Malone's defense counsel. The letter of reference was printed on official ATF stationery, and Sanders signed the letter using his official title as "Supervisory Special Agent, Bureau of Alcohol, Tobacco and Firearms." Sanders neither advised his superiors of the letter of reference nor did he obtain approval for use of official ATF letterhead. For this infraction, Sanders received a fourteen-day suspension without pay. After exhausting his administrative remedies, Sanders brought suit in district court alleging that the disciplinary action taken against him was discriminatory.
 
 
 9
 After a bench trial, the district court rejected Sanders' race and age discrimination claims. The court, however, ruled in favor of Sanders on his retaliatory action claim. The Secretary of the Treasury timely appealed. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 DISCUSSION
 
 10
 The one issue before us is whether the district court erred in its finding that the severity of the discipline taken against Sanders was retaliatory. We review the district court's finding of retaliation for clear error. Edwards v. Occidental Chem. Corp., 892 F.2d 1442, 1447-48 (9th Cir.1990). "We must affirm the district court's factual findings unless left with the 'definite and firm conviction that a mistake has been committed.' " Id. at 1447 (citations omitted). The Secretary of the Treasury asserts that the district court's finding of retaliation was clear error. We disagree.
 
 
 11
 An employer violates Title VII of the Civil Rights Act when he discriminates against any employee who has "made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. Sec. 2000e-3. To establish a prima facie case of retaliation, Sanders was required to show that (1) he engaged in activity protected under Title VII, (2) the ATF subjected him to an adverse employment action, and (3) a causal link existed between his protected activity and the ATF's actions. See Ruggles v. California Polytechnic State University, 797 F.2d 782, 785 (9th Cir.1986). A plaintiff satisfies the "causal link" portion of the prima facie case by presenting "sufficient evidence to raise the inference that the protected activity was the likely reason for the adverse action." Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir.1982) (citations omitted). "Essential to the causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity." Id. Closeness in the time of the protected action and the adverse employment action also supports the inference of a causal link. See Miller v. Fairchild Indus., Inc., 885 F.2d 498, 505 (9th Cir.1989), cert. denied, 494 U.S. 1056 (1990).
 
 
 12
 After the plaintiff satisfies the initial burden, the burden shifts to the defendant to provide a non-retaliatory motive for the severity of the disciplinary action against the employee. See Id. If the defendant is able to provide such a motive, the burden once again shifts to the plaintiff to show by a preponderance of the evidence that the asserted motive is a pretext. Aguirre v. Chula Vista Sanctuary Service, 542 F.2d 779, 781 (9th Cir.1976).
 
 
 13
 The only dispute is whether the district court erred in finding that Sanders met his final burden to prove by a preponderance of the evidence that the defendant's reason for imposition of a fourteen-day suspension was pretextual, and, therefore, retaliatory. Testimony at trial supports the district court's finding that the action taken against Sanders was disproportionate to disciplinary actions taken against other agents similarly situated.
 
 
 14
 Contrary to Assistant Special Agent in Charge ("ASAC") Wolters' initial position, testimony at trial and exhibits also support the district court's finding that he did not make the disciplinary decision alone, discussed the disciplinary action with his supervisor Special Agent in Charge ("SAC") Douglas, and met at least once with Regional Inspector Wysocki who was Sanders' supervisor during the period in which Sanders filed his prior EEO complaints. The odd chain of events whereby SAC Douglas offered Sanders and Sanders rejected a non-supervisory position with a grade reduction that would have affected his ongoing EEO suit on the same day or on the day before SAC Douglas gave ASAC Wolters the Malone letter for disciplinary action also supports the district court's pretext finding.
 
 
 15
 Finally, testimony at trial supported the district court's conclusion that ASAC Wolters' testimony was not consistent, particularly with respect to his justification for the severity of the disciplinary action. ASAC Wolters in his proposed and Final Decision, in part, explained the serious nature of Sanders' infraction by noting that Sanders' letter was specifically mentioned by the judge and so impressed him that the judge used it as a mitigating factor in sentencing Malone. The record and ASAC Wolters' own testimony in court do not support the conclusion that Sanders' letter influenced or was pivotal to the judge's sentencing decision. Therefore, the record supported the district court's conclusion that ASAC Wolters' proffered rationale for the severity of the disciplinary action taken against Sanders was suspect.
 
 CONCLUSION
 
 16
 Because we find that the district court's finding of retaliation is not clearly erroneous, we AFFIRM.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3