50 F.3d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Angela COFIELD, Plaintiff-Appellant,
v.
BANC ONE CORPORATION/BANK ONE OF ARIZONA, Defendant-Appellee.
 No. 94-16577.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 9, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Angela Cofield appeals pro se the district court's dismissal of her complaint brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et. seq. The district court dismissed Cofield's complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review the district court's dismissal for failure to state a claim de novo, Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 * Background
 
 
 4
 Cofield filed an employment discrimination claim against Valley National Bank on August 2, 1990.[1] After an investigation, the Equal Employment Opportunity Commission ("EEOC") notified Cofield on September 15, 1993, of its intent to issue a pre-determination statement and that she could file a response to the statement if she so desired. Cofield responded by submitting a letter on September 29, 1993.[2] On the same day, the EEOC issued a final administrative determination concluding that Cofield's initial claims were meritless. The EEOC's standard "right to sue" notice accompanied the determination.
 
 
 5
 Subsequently, the EEOC construed Cofield's response letter as a complaint raising new claims and concluded that Cofield's new claims were both untimely and beyond the scope of Title VII. The EEOC issued a final determination on the new claims on Feb. 28, 1994, and sent Cofield its standard right to sue notice. On May 12, 1994, Cofield filed an action in district court asserting the initial claims and the new claims. The district court dismissed the initial claims as time-barred pursuant to 42 U.S.C. Sec. 2000e-5(f)(1), and dismissed the new claims as time-barred pursuant to 42 U.S.C. Sec. 2000e-5(e)(1). The district court also concluded that the new claims were also beyond the scope of Title VII.
 
 II
 Merits
 
 6
 Title VII was enacted to eliminate discriminatory employment practices. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800 (1973). Specifically, Title VII prohibits discrimination "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin...." 42 U.S.C. Sec. 2000e-2(a)(1). Thus, Title VII's prohibitions apply only to unlawful employment practices. Id.
 
 
 7
 Title VII requires a complaintant to file charges with the EEOC within 180 days after the occurrence of the alleged discrimination, or within 300 days of such occurrence if the complaintant has initially instituted state proceedings. 42 U.S.C. Sec. 2000e-5(e)(1); Green v. Los Angeles County, 883 F.2d 1472, 1473 (9th Cir.1989).
 
 
 8
 "An action brought under Title VII must be filed [in district court] within ninety days of receipt of a right to sue letter from the EEOC or appropriate state agency. This filing period is a statute of limitations." Edwards v. Occidental Chem. Corp., 892 F.2d 1442, 1445 (9th Cir.1990) (citation omitted). Failure to file a claim within the ninety day period bars relief. Scholar v. Pacific Bell, 963 F.2d 264, 266-67 (9th Cir.), cert. denied, 113 S.Ct. 196 (1992).
 
 
 9
 First, Cofield contends that the district court erred by dismissing her new claims as time-barred and beyond the scope of Title VII. This contention lacks merit.
 
 
 10
 Cofield resigned from Valley National Bank on August 18, 1992. Because Cofield's employment relationship with Valley National Bank ended over 300 days prior to Cofield's submission of her September 29, 1993, response letter to the EEOC, any new claims contained in that letter were necessarily untimely. See 42 U.S.C. Sec. 2000e-5(e)(1). Moreover, Cofield's new claims do not address employment practices and therefore are beyond the scope of Title VII's coverage. See 42 U.S.C. Sec. 2000e-2.
 
 
 11
 Next, Cofield contends that the district court erred by dismissing her initial claims as time-barred. Cofield argues that the second "right to sue" notice she received from the EEOC invalidated the first notice and that the her action is therefore timely with respect to her initial claims. This contention lacks merit.
 
 
 12
 The EEOC construed Cofield's response letter as raising new claims. Once the EEOC made an administrative determination with respect to the new claims it was required to issue a right to sue notice. See 29 C.F.R. Sec. 1601.18; Scholar, 963 F.2d at 266. The second right to sue notice only pertains to the referenced claims. Thus, the first right to sue notice remained effective and mandated compliance as a condition to suit. See id. Moreover, the issuance of a second right to sue notice does not in itself invalidate the first. cf. Cleveland v. Douglas Aircraft Company, 509 F.2d 1027, 1030 (9th Cir.1975).
 
 
 13
 Because the second right to sue notice did not invalidate the first notice, to file a timely action with respect to her initial claims Cofield was required to file her complaint in district court within ninety days of the EEOC's September 29, 1993 determination. See Edwards, 892 F.2d at 1445. Cofield failed to do so. Thus, Cofield's action relating to the merits of the September 29, 1993 determination is also time-barred. See id.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bank One of Arizona is the successor of Valley National Bank
 
 
 [2]
 The EEOC did not receive the letter until September 30, 1993