**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES M. BLAIR, | No. 09-35743 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01877-RAJ |
| v. | |
| ALASKAN COPPER AND BRASS CO., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted July 20, 2010[**]
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

Plaintiff-appellant James M. Blair ("Blair") appeals pro se from the district

court's grant of summary judgment as well as its judgment on partial findings in

favor of the defendant-appellee Alaskan Copper & Brass Co. ("Alaskan Copper").

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes that this case is suitable for
decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Prior to trial, the district court granted summary judgment on Blair's "whistleblowing" claim. After trial, the court concluded that Blair's remaining claims were meritless due to ample evidence that his termination was the result of his own insubordination.

We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291, and we affirm.

The facts of this case are known to the parties. We repeat them only as necessary.

## I

When reviewing a district court's judgment on partial findings under Rule 52(c), we "review[] . . . findings of fact for clear error and its legal conclusions de novo." *Price v. U.S. Navy*, 39 F.3d 1011, 1021 (9th Cir. 1994).

A "grant of summary judgment is reviewed *de novo*." *Resolution Trust Corp. v. Keating*, 186 F.3d 1110, 1114 (9th Cir. 1999). Summary judgment may be granted when, "viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact." *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir. 1998).

## II

The district court properly found in favor of Alaskan Copper on Blair's discrimination, retaliation and hostile work environment claims. Blair's main arguments on appeal regard the district court's interpretation of the evidence put forward. He cannot prevail on such a claim.

The existence of discriminatory intent in a Title VII case is a "question of fact and will not be overturned . . . unless [we are] left with the definite and firm conviction that a mistake has been committed." *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442 (9th Cir. 1990) (internal citations omitted). In order to challenge such a finding, a litigant must provide a transcript of all evidence related to the district court's conclusion for our review. Fed. R. App. P. 10(b)(2). A litigant, such as Blair, who has proceeded *in forma pauperis*, may file a motion to obtain a transcript at government expense. 28 U.S.C. § 753(f). Failure to do so will lead this Court to summarily affirm the district court's findings. *Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991). While Blair argues against the implications of the evidence submitted at trial, he has not challenged any of the district court's specific factual findings or provided a copy of all evidence before the district court. Therefore, Blair has not and cannot meet his burden of proving clear error by the district court.

## III

The district court also properly granted summary judgment on Blair's separate claim for "whistleblowing." Though the basis for Blair's cause of action is not entirely clear, the record supports the district court's conclusion regarding the two theories of Washington law suggested by the parties.

First, Blair did not meet the procedural requirements to proceed under the Washington Industrial Safety and Health Act ("Health Act"). Wash. Rev. Code § 49.17.160 (requiring Blair to file appropriate administrative action within 30 days).

Second, the record supports the district court's conclusion that Blair did not allege a viable cause of action for whistleblowing separate from Blair's underlying retaliation claim. *Korslund v. DynCorp Tri-Cities Servs.,* 156 Wash.2d 168 (2005) (describing the elements of wrongful termination in violation of public policy). This is amply demonstrated by the fact that the district court's subsequent conclusion based upon the testimony of multiple witnesses that Blair's discharge was due to his own misconduct negates the intent requirement of both his retaliation claim and his supposed "whistleblowing" claim.

## IV

Blair's remaining arguments are without merit.

AFFIRMED.

4