**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GENBAO GAO, | No. 10-15311 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00478-DAE-BMK |
| v. | |
| STATE OF HAWAII, DEPARTMENT OF THE ATTORNEY GENERAL, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
David Alan Ezra, District Judge, Presiding

Submitted March 8, 2011[**]

Before:    FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Genbao Gao appeals pro se from the district court's judgment dismissing his

action alleging employment discrimination and retaliation.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We affirm.

The district court properly dismissed Gao's claims raised in his first Equal Employment and Opportunity Commission ("EEOC") proceeding because he filed this action more than ninety days after receipt of the right to sue letter. *See* 42 U.S.C. § 2000e-16(c); *Edwards v. Occidental Chem. Corp*., 892 F.2d 1442, 1445 (9th Cir. 1990) ("An action brought under Title VII must be filed within ninety days of receipt of a right to sue letter from the EEOC or appropriate state agency.").

The district court properly dismissed the discrimination claim because Gao failed to allege facts sufficient to state a claim for relief. *See also Abagninin v. AMVAC Chem. Corp*., 545 F.3d 733, 742 (9th Cir. 2008) (conclusory allegations of law are insufficient to defeat a motion to dismiss for failure to state a claim); *see also Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003) (discussing the three prongs for a prima facie case of Title VII discrimination).

The district court properly dismissed Gao's retaliation claim because Gao failed to allege facts showing that he was terminated because he engaged in a protected activity. *See Learned v. City of Bellevue*, 860 F.2d 928, 932-33 (9th Cir.

1988) (Title VII protects only those employees who claim retaliation resulting from their opposition to discrimination under Title VII).

The district court also properly dismissed the Title VI claim because Gao did not establish that the Hawaii Attorney General's Office's primary objective was to provide employment. *See* 42 U.S.C. § 2000d.

The district court properly dismissed Gao's Americans with Disabilities Act ("ADA") claim on Eleventh Amendment grounds. *See Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001) (holding that states are immune from private suits brought in federal court under Title I of the ADA).

Gao's remaining contentions are unpersuasive.

**AFFIRMED**.