GOODWIN, Circuit Judge,
dissenting:
The Walshes’ first and central assignment of error states, “It was error to deny the pro se at least one opportunity to amend.” The majority opinion fails to address the issue. The Walshes are correct. Therefore, I dissent.
“The court should freely give leave [to amend] when justice so requires.” Fed. R.Civ.P. 15(a)(2).[1] “If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.” Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). This principle is to be applied with “extreme liberality.” Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir.2003) (per curiam). “This policy is applied even more liberally to pro se litigants.” Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir.1987).
There are a number of specific rationales, the Foman factors, that justify dismissal without granting leave to amend: undue delay, bad faith, repeated failure to cure deficiencies by previous amendments, undue prejudice, or futility. Foman, 371 U.S. at 182, 83 S.Ct. 227. “Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.” Eminence Capital, LLC, 316 F.3d at 1052. “Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment.” Id.
Here, Defendants-Appellees (Countrywide) opposed the mortgage fraud and other claims alleged in the pro se complaint by filing motions to dismiss and, alternatively, motions for a more definite statement. In response, the Walshes, through counsel retained after the motions had been filed, filed a response that was captioned in part as a “request for leave to amend complaint.”
The district court did not grant leave to amend the pro se complaint as requested, and ultimately dismissed it with prejudice. The court, however, never found the presence of any of the Foman factors. The court did not, as required by Eminence Capital, find the complaint could not be saved by amendment. Instead the district court ordered the Walshes to make a separate filing with specific showings to support leave to amend, and later rejected that filing. The district court applied the wrong legal standard and, therefore, abused its discretion.
The majority, like the district court, characterizes the Walshes’ original response to Countrywide’s motions as not directly addressing any of the arguments Countrywide advanced in those motions. In fact, the Walshes’ original response identified the claims the Walshes were willing to dismiss, named by defendant, loan, and cause of action. The response also properly stated our rule concerning leave to amend a complaint. In other words, it did directly and acceptably respond to the motions to dismiss and for a more definite statement. More importantly, the nature of the Walshes’ response provided no proper rationale for the district court’s failure to grant leave to amend. See Foman, 371 U.S. at 182, 83 S.Ct. 227.
*611 The district court also tried to justify its failure to grant leave to amend the pro se complaint on the grounds that the Walsh-es’ counsel did not timely meet and confer with Countrywide. This is clear error, as it is undisputed that the Walshes’ counsel did, on the last day allowable, meet and confer prior to filing their response, as required by the court’s standing orders. Again, this is not a proper rationale to deny leave to amend. See id.
Finally, the district court claimed that “it is improper to seek leave to amend under Rule 15 by embedding such a request in a response to a motion to dismiss.” Strike three. The failure of a party properly to caption a request for leave to amend or the act of a party to embed the request for leave to amend in an opposition to a motion to dismiss is no bar to granting leave to amend. Balistreri v. Pacifica Police Dep’t, 901 F.2d 696, 701 (9th Cir.1990). In fact, a court may construe an opposition as a request for leave to amend even where, unlike here, no formal request for leave has even been made. Edwards v. Occidental Chem. Corp., 892 F.2d 1442, 1445 n. 2 (9th Cir.1990).
Barring any proper rationale to do otherwise, leave to amend the pro se complaint was presumed and should have been granted when first requested. After the district court’s multiple errors in both failing to grant leave and inadequately attempting to justify that decision, the district court’s application of Rule 41(b) simply compounded these errors. The district court’s initial and primary error must be corrected and our Rule 15 jurisprudence properly applied. I would vacate the dismissal and remand to the lower court to grant leave to amend so that this case can be resolved, as required, on the merits.

. Citation is to the Federal Rules of Civil Procedure 2009 Revised Edition, quoting to text effective until December 1, 2009.