**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REGINA LYNN VILLONE, | No. 11-17418 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-08213-LOA |
| v. | |
| UNITED PARCEL SERVICE, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Lawrence O. Anderson, Magistrate Judge, Presiding[**]

Submitted September 24, 2013[***]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Regina Lynn Villone appeals pro se from the district court's summary

judgment in her employment action against United Parcel Service, Inc. ("UPS")

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

alleging discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Kaplan v. City of N. Las Vegas*, 323 F.3d 1226, 1229 (9th Cir. 2003), and we affirm.

The district court properly determined that Villone's disability discrimination claim arising out of UPS's alleged acts in 2006 is time-barred because Villone filed her lawsuit more than ninety days after the Equal Employment Opportunity Commission's ("EEOC") June 26, 2007 right to sue letter. *See* 42 U.S.C. § 12117 (ADA incorporates Title VII procedures); *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 (9th Cir. 1990) ("An action brought under Title VII must be filed within ninety days of receipt of a right to sue letter from the EEOC or appropriate state agency.").

The district court properly granted summary judgment on Villone's remaining disability discrimination claim because Villone failed to raise a genuine dispute of material fact as to whether she was "disabled" within the meaning of the ADA. *See Kaplan*, 323 F.3d at 1231 (discussing definition of "disability" under the ADA, including being "regarded as" having a disability); *see also Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1006 (9th Cir. 2007) (to show that she is "regarded as" having a disability, "a plaintiff must show that her employer regards

her as substantially limited in a major life activity and not just unable to meet a particular job performance standard").

The district court properly granted summary judgment on Villone's retaliation claim because Villone failed to raise a genuine dispute of material fact as to whether UPS took an adverse employment action against her or whether there was a causal connection between her protected activity and the alleged adverse actions. *See Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849-50 (9th Cir. 2004) (discussing prima facie case of retaliation under the ADA).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**