856 F.2d 107
 Nathaniel B. BLAYLOCK; Jerry C. Burgin; Elmer D. Hansen;
Richard Hofmann; Morgan Logan; Robert W. Jacobs; Tim
Mace; Michael McClure; Robert N. Moore; Gerald Wheeler
and approximately 396 others similarly situated, Plaintiffs-Appellants,
v.
Ted SCHWINDEN, individually and Governor of the State of
Montana; Dave Hunter; Dave Manzenreid, individually and as
former heads of the Montana State Department of Labor and
Industry; Gary Blewett individually and as administrator
for the Montana State Division of Workers' Compensation;
Andrew J. Kiely, individually and as former special projects
officer, Insurance Compliance Bureau, Montana State Division
of Workers' Compensation; James J. Murphy, individually and
as special projects officer, Insurance Compliance Bureau,
Montana State Division of Workers' Compensation, Defendants-Appellees.
 No. 87-3952.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 11, 1988.
Decided Sept. 7, 1988.
 
 Lee R. Kerr, Kelleher Law Firm, Billings, Mont., for plaintiffs-appellants.
 Chris D. Tweeten, Asst. Atty. Gen., Dept. of Justice, Helena, Mont., for defendants-appellees.
 Appeal from the United States District Court for the District of Montana.
 Before TANG and CANBY, Circuit Judges, and TAKASUGI, District Judge.*
 CANBY, Circuit Judge:
 
 
 1
 This class action was brought under 42 U.S.C. Sec. 1983 on behalf of approximately 400 former employees of Great Western Sugar Company ("Great Western"). The defendants, sued both in their individual and official capacities, are the Governor of Montana, two former commissioners of the Montana Department of Labor and Industry, and the administrator and two employees of the Montana Division of Workers' Compensation. The complaint alleged that the defendants, acting under the color of state law, failed properly to administer the Montana Workers' Compensation Act, depriving them of their rights and privileges under the fourteenth amendment. The Montana district court dismissed the case for failure of the complaint to state a claim upon which relief could be granted. We affirm.
 
 DISCUSSION
 The Eleventh Amendment Issue
 
 2
 Defendants contend that the plaintiffs' action against them constitutes a suit against the state barred from federal court by the eleventh amendment. When state officials are named as defendants in a federal action, the suit is one against the sovereign if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration." Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963) (quoting Land v. Dollar, 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947)). Thus, a suit against state officials that seeks the payment of retroactive money damages, to be paid from the state treasury, is barred by the eleventh amendment as a suit against the state. Edelman v. Jordan, 415 U.S. 651, 675, 678, 94 S.Ct. 1347, 1361, 1363, 39 L.Ed.2d 662 (1974). See also Papasan v. Allain, 478 U.S. 265, 277-78, 106 S.Ct. 2932, 2940-41, 92 L.Ed.2d 209 (1986). On the other hand, an action against a state official sued in his individual, rather than his official or representational, capacity is not barred by the eleventh amendment. Scheuer v. Rhodes, 416 U.S. 232, 237-38, 94 S.Ct. 1683, 1686-87, 40 L.Ed.2d 90 (1974). The Supreme Court has held that damage actions brought under 42 U.S.C. Sec. 1983 seeking to impose "individual and personal liability" on state officials are not barred by the eleventh amendment. Id. at 238, 94 S.Ct. at 1687.
 
 
 3
 While damage actions brought under 42 U.S.C. Sec. 1983 are generally viewed as suits against the individual, the plaintiffs in this case expressly sued the defendants both as individuals and as state representatives in their official capacities. Moreover, plaintiffs were clearly seeking damages from the public treasury. In their complaint, plaintiffs demanded that "if any liability is imposed jointly and severally or separately and individually on any defendants, the State shall indemnify that defendant of [sic] defendants pursuant to MCA, 2-9-305." The eleventh amendment bars plaintiffs from suing these officials in their official capacities and from relying on Montana's indemnification statute to collect a favorable judgment.[1]
 
 
 4
 The eleventh amendment does not wholly bar plaintiffs from federal court, however, because the complaint can be amended to claim only damages from the defendants in their individual capacities. A state indemnification statute does not automatically extend immunity to state officials. See Demery v. Kupperman, 735 F.2d 1139, 1147 (9th Cir.1984), cert. denied, 469 U.S. 1127, 105 S.Ct. 810, 83 L.Ed.2d 803 (1985). See also Duckworth v. Franzen, 780 F.2d 645, 651 (7th Cir.1985), cert. denied, Y479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986) ("it would be absurd if all a state had to do to put its employees beyond the reach of section 1983 ... was to promise to indemnify...."). Thus, the eleventh amendment does not bar plaintiffs' claim for damages against the defendants in their individual capacities.
 
 
 5
 Plaintiffs' Claim Under 42 U.S.C. Sec. 1983
 
 
 6
 Plaintiffs argue that the district court improperly dismissed their action for failure to state a claim for relief under 42 U.S.C. Sec. 1983. To state a claim for relief under Sec. 1983, it is necessary to prove the violation of an underlying right guaranteed by federal law. In this case, plaintiffs allege that the defendants' acts and omissions violated the due process clauses of the fourteenth amendment. Plaintiffs argue extensively that they have been deprived of substantive due process. It is very difficult to make sense of the contention. Substantive due process refers to certain actions that the government may not engage in, no matter how many procedural safeguards it employs. See Rochin v. California, 342 U.S. 165, 169, 72 S.Ct. 205, 208, 96 L.Ed. 183 (1952). Plaintiffs allege no such right here. Plaintiffs do allege vested property rights, in the form of mature and accrued claims for workers' compensation. There is no dispute about that fact. The question is simply whether the state has intentionally deprived plaintiffs of that property and, if so, whether it has done so without due process of law.
 
 
 7
 In truth, plaintiffs' claim simply alleges negligence on the part of state officials in carrying out their duties. If a government official causes injury to life, liberty, or property through his merely negligent conduct, "no procedure for compensation is constitutionally required." Daniels v. Williams, 474 U.S. 327, 333, 106 S.Ct. 662, 666, 88 L.Ed.2d 662 (1986) (overruling Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) to the extent that it conflicts with this holding) (emphasis supplied by the Daniels Court). See also Davidson v. Cannon, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). We need not decide whether certain breaches of duty that might be characterized as "gross negligence" would be actionable under Sec. 1983, because we are convinced that defendants' conduct alleged here does not cross that threshold. Defendants' failure adequately to examine Great Western's financial solvency every year constituted, at most, mere negligence. Consequently, the district court correctly held that plaintiffs' complaint does not state a claim for relief under Sec. 1983.
 
 
 8
 Finally, plaintiffs contend that they were deprived of procedural due process. We are not satisfied that plaintiffs properly raised this claim in the district court. In any event, the claim is without merit. Plaintiffs' claim is not that state procedures caused their injury, but that the defendants' failure to carry out their duties properly resulted in the loss. Even if defendants' actions were not viewed as mere negligence, the state has satisfied the requirements of procedural due process by providing a meaningful post deprivation remedy, the availability of a tort suit, for defendants' random, unanticipated acts. See Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Moreover, plaintiffs are not seeking damages because they did not receive a hearing; they are seeking damages for the defendants' failure to examine Great Western's financial solvency every year. There is no issue of procedural due process here. The decision of the district court is accordingly AFFIRMED.[2]
 
 
 
 *
 The Honorable Robert M. Takasugi, United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 The eleventh amendment prohibits a district court from ordering payment of a judgment from the state treasury. The court may properly order the officials to pay damages under Sec. 1983, but if the officials desire indemnification under the state statute, they must bring their own action in state court. Demery v. Kupperman, 735 F.2d 1139, 1148 (9th Cir.1984), cert. denied, 469 U.S. 1127, 105 S.Ct. 810, 83 L.Ed.2d 803 (1985)
 
 
 [2]
 Our resolution of this case on due process grounds does not require us to address defendants' arguments under the political question doctrine