2 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Randy Allen MYERS, Plaintiff-Appellant,
v.
James ROWLAND, et al., Defendant-Appellee.
 No. 93-15199.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1993.*
Decided July 7, 1993.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-90-00622-DFL; David F. Levi, District Judge, Presiding.
 E.D.Cal.
 AFFIRMED.
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randy Allen Myers, a California state prisoner, appeals pro se the district court's order dismissing for failure to state a claim his claims for (1) deprivation of his property in violation of the takings clause of the fifth amendment and (2) violation of his right to substantive due process. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988), and we affirm.
 
 
 3
 Myers was incarcerated at Folsom Prison from December 1984 to February 1990. During that time, he acquired various items of personal property, as allowed pursuant to Folsom regulations. In February 1990, Myers was transferred to Mule Creek State Prison. Upon his arrival, his personal property was inspected, and Myers was informed that certain items were contraband and could not be possessed within the prison. Myers was informed that he could donate his property to the state or mail it to someone outside the prison at his expense. Myers mailed his property to someone outside the prison.
 
 
 4
 On May 10, 1990, Myers filed this action alleging that prison officials violated his constitutional rights in connection with the deprivation of his property. In addition to the takings and substantive due process claims, Myers alleged that defendants violated his right to procedural due process.[1] On September 30, 1991, the district court dismissed for failure to state a claim all Myers's claims except the procedural due process claim. Myers and defendants subsequently stipulated to dismissal of the procedural due process claim, the only remaining claim.
 
 I. Takings Claim
 
 5
 Myers contends the district court erred by dismissing his takings claim for failure to state a claim. This contention lacks merit. The Fifth Amendment provides that private property shall not be taken for public use without just compensation. U.S. Const. amend. V; Penn Cent. Transp. Co. v. New York City, 438 U.S. 104, 123 (1978). Myers's property was not taken for public use. Thus, the district court correctly found that Myers could prove no set of facts that would entitle him to relief under the Fifth Amendment. See Karim-Panahi, 839 F.2d at 623.
 
 II. Substantive Due Process Claim
 
 6
 "Substantive due process refers to certain actions that the government may not engage in, no matter how many procedural safeguards it employs." Blaylock v. Schwinden, 862 F.2d 1352, 1354 (9th Cir.1988). Substantive due process guards against arbitrary and capricious government action. Sinaloa Lake Owners Ass'n v. City of Simi Valley, 882 F.2d 1398, 1407 (9th Cir.1989), cert. denied, 494 U.S. 1016 (1990). "To establish a violation of substantive due process, the plaintiff[ ] must prove that the government's action was 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.' " Id. (quoting Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 395 (1926)).
 
 
 7
 Here, Myers contends defendants violated his substantive due process right by depriving him of his property. This contention lacks merit. Because prison officials clearly have a substantial interest in limiting and monitoring the amount and type of personal property that an inmate may possess, defendants' action was not arbitrary and unreasonable. See Sinaloa Lake Owners Ass'n, 882 F.2d at 1407. Thus, the district court correctly found that Myers's complaint stated a claim for, at most, a violation of procedural due process. See Turner v. Safley, 482 U.S. 78, 89 (1987) (authorized deprivation of property pursuant to prison regulations is valid if it is reasonably related to legitimate penological interests); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (unauthorized negligent or intentional deprivation of property does not violate due process if meaningful postdeprivation remedy is available). Accordingly, we affirm the district court's dismissal of Myers's substantive due process claim for failure to state a claim. See Karim-Panahi, 839 F.2d at 623.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Myers also alleged other claims which the district court dismissed and which Myers does not raise on appeal