21 F.3d 1112
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
F. Farah ETEMAD, Plaintiff-Appellant,
v.
STATE OF CALIFORNIA DEPARTMENT OF WATER RESOURCES CONTROL
BOARD, Defendant-Appellee.
 No. 93-55289.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 11, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 F. Farah Etemad appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of her amended complaint against the State of California Department of Water Resources Control Board ("Board") alleging deprivation of civil rights, discrimination in employment on the basis of race, sex, and national origin, conspiracy, harassment, retaliation, unfair labor practices, obstruction of justice, perjury, deprivation of privacy, and negligence. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm in part and vacate and remand in part.
 
 
 3
 The Board hired Etemad as a Industrial Hygienist and terminated her a few months later during a probationary period of employment. The Board claims that it discharged Etemad for unacceptable job performance. Etemad filed a national origin and sex discrimination charge against the Board with the Equal Employment Opportunity Commission (EEOC). After receiving the EEOC's determination and right-to-sue letter which concluded that she had failed to meet the performance standard of a probationary employee, Etemad filed in district court a complaint alleging violations of 42 U.S.C. Secs. 1981, 1983, 1985, 1986, 42 U.S.C. Secs. 2000e et seq. (Title VII), 29 U.S.C. Sec. 201, 202, and the Fourth, Fifth, and Fourteenth Amendments in district court. The district court granted the Board's motion for judgment on the pleadings but granted Etemad an opportunity to amend her original complaint. In its order, the district court pointed out the specific defects in the complaint and made suggestions as to how Etemad might cure the defects. Etemad filed an amended complaint which the district court subsequently dismissed without leave to amend.
 
 
 4
 We are obliged to construe pro se pleadings liberally and under a "less stringent standard" than those prepared by counsel. Haines v. Kerner, 404 U.S. 519, 520-21 (1971) (per curiam); Madsen v. Boise State University, 976 F.2d 1219, 1223 (9th Cir.1992). Generally, a dismissal should not be affirmed unless it is clear that the deficiencies in the complaint could not be cured by amendment. Kelson v. City of Springfield, 767 F.2d 651, 656 (9th Cir.1985). Nevertheless, "if it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts that could be proved," the district court may dismiss the complaint without granting an opportunity to amend. Id. at 653.
 
 
 5
 * Eleventh Amendment Immunity
 
 
 6
 The Eleventh Amendment prevents states from being sued by citizens in federal court without the state's consent. Papasan v. Allain, 478 U.S. 265, 276 (1986); see, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989) (section 1983 does not provide a federal forum for litigants who seek a remedy against a state for alleged deprivation of civil liberties). " '[A] federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief ... and may not include a retroactive award which requires the payment of funds from the state treasury.' " Wheaton v. Webb-Petett, 931 F.2d 613, 619 (9th Cir.1991) (quoting Edelman v. Jordan, 415 U.S. 651, 677 (1974)); see also Blaylock v. Schwinden, 862 F.2d 1352, 1353-54 (9th Cir.1988).
 
 
 7
 Here, Etemad's amended complaint seeks retroactive relief in the form of compensatory and punitive damages due to harassment, humiliation, mental distress, deprivation of privacy, and other irreversible damages suffered. Because the state of California has not waived its Eleventh Amendment immunity and Etemad seeks a retroactive award, the district court lacked jurisdiction to hear Etemad's causes of action under 42 U.S.C. Secs. 1981, 1983, 1985, 1986, and 29 U.S.C. Sec. 201, 202. See Will, 491 U.S. at 66; Wheaton, 931 F.2d at 619; Blaylock, 862 F.2d at 1353. Because she has no cause of action under section 1983, Etemad's constitutional claims are also barred. See Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir.1992), cert. denied, 113 S.Ct. 1049 (1993) (litigant has no cause of action directly under Constitution but must utilize 42 U.S.C. Sec. 1983).
 
 II
 Title VII
 
 8
 In regard to Etemad's Title VII claim, however, the Eleventh Amendment provides no bar to relief. See Sosa v. Hiraoka, 920 F.2d 1451, 1461 (9th Cir.1990) (Eleventh Amendment does not protect states, their subdivisions, or their officers from Title VII suits). We therefore examine this cause of action to determine whether the district court properly dismissed it for failure to state a claim.
 
 
 9
 We review de novo a Fed.R.Civ.P. 12(b)(6) dismissal for failure to state a claim. Buckey v. County of Los Angeles, 968 F.2d 791, 793-94 (9th Cir.), cert. denied, 113 S.Ct. 599, and cert. denied, 113 S.Ct. 600 (1992). Review is based on the contents of the complaint, and allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Id. at 794. Title VII of the Civil Rights Act makes it unlawful for an employer "to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race ... sex, or national origin." 42 U.S.C. Sec. 2000e-2(a)(1). A plaintiff may show a violation of Title VII by proving disparate treatment. Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109 (9th Cir.1991). An allegation that an individual was the object of discrimination solely because of her status in a protected Title VII group may be "liberally construed as an assertion that [she] was treated differently from others similarly situated." Perugini v. Safeway Stores, Inc., 935 F.2d 1083, 1086 (9th Cir.1991) (no summary judgment allowed for plaintiff's failure to allege differential treatment).
 
 
 10
 In her complaint, Etemad alleged that the Board discriminated against her on the basis of her national origin (Iranian), race (Middle Eastern), and sex (female) by discharging her. She further alleged that she filed charges with the EEOC, received a right-to-sue letter, and filed suit within the prescribed 90-day filing period. Because she alleges that she was discriminated against on the basis of her membership in groups protected by Title VII, her complaint does state a claim for relief under Title VII. See id. Accordingly, the district court erred by dismissing the Title VII cause of action.
 
 
 11
 AFFIRMED in part and VACATED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3