43 F.3d 1479
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
F. Farah ETEMAD, Plaintiff-Appellant,
v.
STATE OF CALIFORNIA, DEPARTMENT OF TOXIC SUBSTANCE CONTROL
(DTSC), Defendant-Appellee.
 No. 93-55385.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Memorandum Filed April 11, 1994.
Order Withdrawing Prior Memorandum Sept. 2, 1994.
Decided Sept. 2, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 ORDER
 The memorandum disposition filed April 11, 1994, is hereby withdrawn.
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 F. Farah Etemad appeals pro se the district court's dismissal of her second amended complaint against the State of California, Department of Toxic Substances Control ("DTSC") alleging various claims arising from her discharge from employment. Etemad contends the district court erred by vacating default judgments entered against DTSC and by dismissing her complaint without leave to amend. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm in part and remand in part.
 
 
 3
 Etemad was hired as a waste management engineer and was terminated by DTSC during her probationary period. Etemad filed a charge with the Equal Employment Opportunity Commission (EEOC) and on January 9, 1992, received a determination and right-to-sue letter, which advised her that the EEOC's investigation found no violation. On February 10, 1992, Etemad filed in district court a complaint alleging violations of 42 U.S.C. Secs. 1981, 1983, 1985, 1986, 42 U.S.C. Secs. 2000e, et seq. (Title VII), 29 U.S.C. Secs. 201, 202, and the First, Fourth, Fifth, and Fourteenth Amendments.
 
 
 4
 On February 11, 1992, Etemad mailed a copy of the summons and complaint to DTSC at its offices in Sacramento. DTSC routed the documents to the Office of the Attorney General in Los Angeles. DTSC did not acknowledge receipt of the documents and never returned a signed Notice and Acknowledge of Receipt of Service Form. On March 30, 1992, the Deputy Attorney General assigned to the case, Richard Waldow, learned of the case, reviewed the case file, and conferred with DTSC. On April 1, 1992, Etemad hired a professional process server to attempt service of the summons and complaint on California governor Pete Wilson and the Office of the Attorney General in Sacramento. On April 6, 1992, Etemad herself attempted service at the Office of the Attorney General in Los Angeles. Apparently, Etemad did not attempt service on the presiding officer of DTSC because she was unable to determine the name and address of the officer. Finally, on May 26 and June 5, 1992, Etemad mailed copies of the summons and complaint to Deputy Attorney General Waldow.
 
 
 5
 Because DTSC never filed a response to the summons and complaint, Etemad requested entry of a default judgment which was granted by the district court's Clerk's Office. On July 27, 1992, after 120 days had passed from the date of the filing of the complaint, DTSC moved to set aside the entry of default and moved to dismiss the complaint for failure to effect proper service within the 120 days required by Fed.R.Civ.P. 4(j).
 
 
 6
 Finding that Etemad had not properly served DTSC pursuant to state or federal statute, the district court granted the motion to set aside the default. The district court dismissed the complaint for failure to state a claim and granted leave to amend. Etemad amended the complaint and attempted personal service but again was unsuccessful. At Etemad's request, a second default judgment, was entered against DTSC. This default was also set aside. DTSC again moved for a dismissal, and the district court granted the motion with leave to amend. The district court also ordered Deputy Attorney General Waldow to provide Etemad with the address which would accept personal service of the summons and complaint. Etemad filed a second amended complaint which the district court dismissed without leave to amend.
 
 
 7
 * Setting Aside the Default Judgments
 
 
 8
 We review for abuse of discretion the district court's grant of a motion to set aside a default judgment pursuant to Fed.R.Civ.P. 60(b). In re Hammer, 940 F.2d 524, 525 (9th Cir.1991).
 
 
 9
 We consider three policy considerations when reviewing a motion to set aside a default judgment: (1) the liberal nature of Rule 60(b), (2) the fact that default judgments are generally disfavored and the preference for a decision on the merits, and (3) "where a defendant seeks timely relief from the judgment and has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment." Id. A district court has discretion to deny a motion to vacate a default judgment if the party received actual or constructive notice of the filing of the action and failed to answer the complaint. Id. at 526.
 
 
 10
 Here, DTSC submitted a declaration presenting the defense that it discharged Etemad because she falsified information in her job application and had been absent without leave for a substantial period of time. DTSC also showed that they had not been properly served with the summons and complaint. Although DTSC had constructive notice of the filing of the complaint as early as March 30, 1992, and counsel was aware of the possible default judgment on May 18, 1992, the district court properly gave consideration to the liberal nature of a motion to set aside a default and the disfavor cast upon default judgments. Accordingly, we hold that the district court did not abuse its discretion by setting aside the default judgments. See id. at 525.
 
 II
 Dismissal of the Complaint with Prejudice
 
 11
 We review do novo a Fed.R.Civ.P. 12(b)(6) dismissal for failure to state a claim. Buckey v. County of Los Angeles, 968 F.2d 791, 793-94 (9th Cir.), cert. denied, 113 S.Ct. 599, and cert denied, 113 S.Ct. 600 (1992). Review is based on the contents of the complaint, and allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Id. at 794.
 
 
 12
 We are obliged to construe pro se pleadings liberally and under a "less stringent standard" than those prepared by counsel. Haines v. Kerner, 404 U.S. 519, 520-21 (1971) (per curiam); Madsen v. Boise State University, 976 F.2d 1219, 1223 (9th Cir.1992). Generally, a dismissal should not be affirmed unless it is clear that the deficiencies in the complaint could not be cured by amendment. Kelson v. City of Springfield, 767 F.2d 651, 656 (9th Cir.1985). Nevertheless, "if it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts that could be proved," the district court may dismiss the complaint without granting an opportunity to amend. Id. at 653.
 
 
 13
 The Eleventh Amendment prevents states from being sued by citizens in federal court without the state's consent. Papasan v. Allain, 478 U.S. 265, 276 (1986); see e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989) (section 1983 does not provide a federal forum for litigants who seek a remedy against a state for alleged deprivation of civil liberties). " '[A] federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief ... and may not include a retroactive award which requires the payment of funds from the state treasury.' " Wheaton v. Webb-Petett, 931 F.2d 613m, 619 (9th Cir.1991) (quoting Edelman v. Jordan, 415 U.S. 651, 677 (1974); see also Blaylock v. Schwinden, 862 F.2d 1352, 1353-54 (9th Cir.1988).
 
 
 14
 Here, Etemad's second amended complaint seeks retroactive relief in the form of compensatory and punitive damages due to harassment, humiliation, emotional distress, deprivation of privacy, and other irreversible damages suffered. Because the state of California has not waived its Eleventh Amendment immunity and Etemad seeks a retroactive award, the district court lacked jurisdiction to hear Etemad's causes of action under 42 U.S.C. 1981, 1983, 1985, 1986 and 29 U.S.C. Sec. 201, 202. See Will, 491 U.S. at 66; Wheaton, 931 F.2d at 619; Blaylock, 862 F.2d at 1353. Because she has no cause of action under section 1983, Etemad's constitutional claims are also barred. See Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir.1992), cert. denied, 113 S.Ct. 1049 (1993) (litigant has no cause of action directly under Constitution but must utilize 42 U.S.C. Sec. 1983). Accordingly, the district court properly dismissed these claims.
 
 III
 Etemad's Title VII Claim
 
 15
 Etemad's Title VII claim, asserted in the original complaint, requires us to consider whether the "relation back" doctrine operates to revive a stale Title VII claim alleged in a complaint that was never served.
 
 
 16
 An action under Title VII must be filed within 90 days of receipt of a right to sue letter from the EEOC or appropriate state agency. 42 U.S.C. Sec. 2000e-5(f)(1). "This filing period is a statute of limitations." Edwards v. Occidental Chemical Corp., 892 F.2d 1442, 1445 (9th Cir.1990). Etemad filed her original complaint within the 90-day period, but she failed to serve it, and it was dismissed. Because it was filed beyond the 90-day statute of limitations, the second amended complaint is time-barred, unless the amendment relates back to the date of the original complaint. Id. at 1446.
 
 
 17
 Fed.R.Civ.P. 15(c) governs the relation back of amendments to the pleadings. Rule 15(c) saves a plaintiff from two types of errors: (1) failing to state a particular claim arising out of the same facts against the defendant, and (2) failing to name the proper defendant. See, e.g., Percy v. San Francisco General Hosp., 841 F.2d 975, 979 (9th Cir.1988) (discussing relation back where new claims are added); Edwards, 892 F.2d at 1445-47 (discussing relation back where new defendant is named).
 
 
 18
 Etemad's situation falls into neither of these two categories. Her complaint neither failed to name the proper defendant nor failed to state the Title VII claim for relief. She simply failed to serve process. Failure to serve process is governed by Fed.R.Civ.P. 4(j) (now Rule 4(m)), which provides that if service is not effected within 120 days of the filing of the complaint, the court shall dismiss the action unless the plaintiff shows good cause for the failure. The relation back doctrine of Rule 15(c) does not affect the Rule 4(j) analysis. If Rule 15(c) allowed a party who failed to serve process to revive a stale claim by simply filing an amended complaint naming the same party and asserting the same claims, then Rule 4(j) would be of no effect.
 
 
 19
 Under Rule 4(j), the district court has the discretion either to dismiss the cause with prejudice for failure to serve process within 120 days or to grant the plaintiff more time to effect service. It is not an abuse of discretion to dismiss a Title VII claim for failure to comply with rule 4(j) even though the statute of limitations may have run in the meantime. Townsel v. Contra Costa County, 820 F.2d 319, 321-22 (9th Cir.1987).
 
 
 20
 We are unable to determine whether the district court intended to dismiss with prejudice the Title VII claim asserted in Etemad's original complaint. There are some indications the district court intended to dismiss the Title VII claim for failure to effect service of process. The district court stated that "[g]iven that the complaint was never properly served, it is proper under Fed.R.Civ.P. 4(j) to dismiss it." The court neither granted more time to effect service, nor found good cause for failure to serve. There are contrary indications as well. The district court did not expressly order dismissal with prejudice, and stated that, "[a]s Ms. Etemad may in fact be alleging more than just Title VII claims, she should not be precluded from amending to assert such other claims."
 
 
 21
 We therefore remand to the district court for appropriate findings or further proceedings consistent with this disposition.
 
 
 22
 AFFIRMED IN PART and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3