DECISION
This is an appeal from a decision of the Rhode Island Commission for Human Rights (Commission). The Rhode Island Department of Corrections (appellant) seeks reversal of the Commission's decision which found that the appellant had discriminated on the basis of ancestral origin in denying a promotion to Magdalena Picot (complainant). Jurisdiction is pursuant to G.L. 1956 § 42-35-15.
Facts/Travel
The complainant began working for the appellant as a counselor in 1983. The complainant is a Hispanic person of Puerto Rican ancestry. The complainant's ability to speak Spanish was an asset in performing her duties as a counselor. Because of her knowledge of Spanish, the complainant was assigned in 1988 to work in the Pretrial Services Program. (Commission's Decision and Order at 2). Approximately 25% of the pre-trial detainees at the ACI are Hispanic. (Transcript May 18, 1995 at 27). Although she continued to receive the same salary and maintained the same title as Counsellor, her immediate supervisor, Jeff Renzi (Renzi), introduced her to outside groups as the Bail Coordinator. (Commission's Decision and Order at 2).
In her new assignment, the complainant interviewed inmates to determine whether they qualified for federal bail assistance. The complainant helped inmates find sources for bail money. The complainant also tracked the progress of inmates' bail hearings and trial dates. In addition, the complainant worked on issues relating to home confinement. The complainant performed well in this assignment. (Commission's Decision and Order at 3).
In 1990, the appellant posted the positions of Bail Program Coordinator and Home Confinement Coordinator. Renzi suggested that the complainant apply for both the positions and commented that she should get either one of the positions. (Commission's Decision and Order at 3). The complainant applied for both positions. The complainant's qualifications matched well with the required qualifications listed for the position of Bail Program Coordinator. The complainant has a Bachelor of Science degree in Criminal Justice and was enrolled in a masters program in agency counseling. Additionally, the complainant has experience as a Rehabilitative Officer with the Connecticut Department of Corrections, experience as a counselor working for the appellant, and direct experience working in Rhode Island's bail program.
The complainant was granted an interview before a panel. Renzi and Paul Shulver (Shulver), Administrator of Community Confinement, interviewed the complainant and ranked her a finalist. (Commission's Decision and Order at 4). Another applicant, Donna DiPetrillo (DiPetrillo), was interviewed by Renzi, Shulver, and Joseph Filipkowski (Filipkowski) and was also ranked a finalist. DiPetrillo and the complainant received similar high interview scores. (Commission's Decision and Order at 4). A.T. Wall (Wall), who was Assistant Director of Policy and Development, interviewed the finalists. Wall recommended DiPetrillo for the position of Bail Coordinator. The Director of the appellant authorized hiring DiPetrillo, who is not Hispanic and does not speak Spanish.
DiPetrillo has a degree in Education. She has experience as a counselor and Parole Coordinator with the appellant. DiPetrillo did not have any experience with bail or pre-trial programs. (Commission's Decision and Order at 7.)
When the complainant returned from maternity leave, the appellant informed her that she was not selected for the position of Bail Coordinator. The complainant returned to her job as counselor and suffered embarrassment as other colleagues perceived that she had been "demoted." (Commission's Decision and Order at 7). At the time the complainant was denied a promotion, the appellant did not have any Hispanic administrators out of approximately 50 administrators. (Commission's Decision and Order at 7 and Transcript January 24, 1995 at 65).
On September 27, 1991, the complainant filed a charge against the appellant for unlawful discrimination with the Rhode Island Commission for Human Rights. The Preliminary Investigating Commissioner found probable cause to believe that the appellant had discriminated against the complainant on the basis of ancestral origin in denying the complainant a promotion to Bail Program Coordinator. The Commission held hearings on January 24, 1995, January 25, 1995, May 17, 1995, and May 18, 1995. At the hearings Wall testified as to his reasons for not recommending the complainant. He recalled that at his deposition he stated, "My recollection is that after conducting interviews I accepted the recommendation of the panel that Donna DiPetrillo was the strongest candidate." (Transcript May 18, 1995 at 7-8). Wall explained that he now believed, after having reviewed materials before the hearing, that he did not make his decision simply on the basis of the interview panel's recommendation. (Transcript May 18, 1995 at 8). Wall stated that he "felt that Ms. DiPetrillo had the edge in terms of the administrative skills, the planning, the coordinating, designing activities which go with the administrator's role of this unit." (Transcript May 17, 1995 at 17-18). Wall thought that DiPetrillo's experience as Parole Coordinator gave her superior administrative skills. (Transcript May 17, 1995 at 18).
In a decision entered on December 23, 1996, the Commission found that the appellant "discriminated against the complainant because of her ancestral origin with respect to denial of promotion." (Commission's Decision and Order at 7). The Commission found that the reasons offered by the appellant for not promoting the complainant were not credible and were actually a pretext for discrimination. (Commission's Decision and Order at 9-11). The Commission found Wall's testimony contradictory and not credible. Wall asserted that he recommended DiPetrillo because the interview panel selected her, but later at the hearing he changed his testimony and said that he selected DiPetrillo because of her administrative skills. The Commission also found that the complainant in fact possessed the superior qualifications for the Bail Coordinator position, further eroding the credibility of Wall's statements. The Commission found that the complainant had essentially performed the tasks of Bail Coordinator for two years and had knowledge of bail programs. The Commission found that the complainant's and DiPetrillo's administrative experience were equal. (Commission's Decision and Order at 10). However, the Commission found that DiPetrillo did not have experience in bail programs. The Commission inferred discrimination on the basis of ancestral origin from the fact that the complainant was better qualified than the selected applicant, the statements of Wall were not credible, and there were no Hispanic administrators working for the appellant.
The Commission ordered the appellant to award the complainant the next available Bail Coordinator position. The Commission awarded back pay and payment of the difference between her current salary and the salary of the Bail Coordinator position until such time as she is offered the Bail Coordinator position. The Commission also awarded $5,000 in compensatory damages.
On January 22, 1997, the appellant filed the instant appeal. On appeal the appellant argues that the complainant failed to meet her burden of proof in establishing that the appellant's reasons for denying the complainant a promotion were false and that discrimination was the actual reason. The appellant further argues that its actions at most qualify as favoritism, but do not rise to the level of discrimination as defined under the Title VII cases. The Commission and complainant respond that there was substantial evidence indicating that the appellant's reasons were merely a pretext for discrimination. The Commission and complainant point out that the Commission's rejection of the appellant's proffered reasons permits the Commission to infer intentional discrimination on the part of the appellant.
Standard of Review
The review of a decision of the Commission by this Court is controlled by R.I.G.L. § 42-35-15 (g), which provides for review of a contested agency decision:
 "(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988), Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Commission's decision. Newport Shipyard v. RhodeIsland Commission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (Quoting Caswell v.George Sherman Sand Gravel Co., 120 R.I. 1981, 424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency. Berberian v. Dept.of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. Coastal Resources Management Council,434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts.Carmody v. R.I. Conflicts of Interests Commission, 509 A.2d at 458. The Superior Court is required to uphold the agency's findings and conclusions if they are supported by competent evidence. Rhode Island Public Telecommunications Authority, etal. v. Rhode Island Labor Relations Board, et al., 650 A.2d 479, 485 (R.I. 1994).
Determining a Discriminatory Practice
The appellant argues that the complainant failed to prove that the appellant's reasons for not promoting the complainant were false and failed to prove that discrimination was the actual reason. The appellant argues that the evidence of record does not indicate that the appellant committed a discriminatory practice. The appellant argues that at most the evidence proves that Wall showed favoritism towards DiPetrillo because of his familiarity with her. The Commission and complainant respond that the Commission had substantial evidence of record to infer that the appellant's proffered reasons were merely a pretext for discrimination when it rejected the reasons offered by the appellant for denying a promotion to the complainant.
Under § 28-5-7 (1) "[i]t shall be an unlawful employment practice . . . [f]or any employer . . . because of [the employee's] race or color, religion, sex, handicap, age, sexual orientation, or country of ancestral origin . . . [to] discriminate against him or her with respect to hire, tenure, compensation, terms, conditions or privileges of employment, or any other matter directly or indirectly related to employment. . . ." Our courts look to the decisions of federal courts under Title VII of the Civil Rights Act of 1964 for assistance in determining whether a discriminatory practice has occurred under state law. Newport Shipyard, 484 A.2d at 897-898. In a complaint under this section the Commission must apply the "pretext" analysis set forth in McDonnell Douglas Corp. v. Green,411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and St. Mary'sHonor Center v. Hicks, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).
The basic allocation of the burden of proof in "pretext" cases is as follows:
 "First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination.
 Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate, non-discriminatory reason for the employee's rejection.
 Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons but were a pretext for discrimination." Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252-253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) (citing McDonnell Douglas, 411 U.S. at 802-804).
Even if the employer's proffered reasons are proven false, the complainant must still prove that the employer committed intentional discrimination. St. Mary's Honor Center, 113 S.Ct. at 2752-2753. The burden of persuading the trier of fact that the employer engaged in intentional discrimination remains with the complainant at all times. Id. at 2753.
In the instant case, the complainant established a prima facie case of discrimination. The complainant is Hispanic, met the qualifications of the Bail Coordinator position, was not selected for the position, and a non-Hispanic person was selected for the position. The appellant rebutted the complainant's prima facie case by articulating a non-discriminatory reason for denying the promotion to the complainant. The appellant asserted that it selected DiPetrillo because of her superior administrative skills.
The Commission had substantial evidence of record to find that the complainant had proven that the appellant's reasons were not its true reasons for rejecting the complainant. The Commission also had substantial evidence of record to find that the complainant had proven intentional discrimination on the part of the appellant. The Commission found that the reasons articulated by Wall were not credible. At the hearing, Wall offered a different reason for rejecting the complainant than what he had offered at his deposition. At the deposition Wall said that he relied on the interview panel's recommendation, but at the hearing Wall said that DiPetrillo was selected on the basis of her administrative skills and not from the panel's recommendation. (Commission's Decision and Order at 10). This change in testimony was especially suspicious because the interview panels scored DiPetrillo and the complainant nearly even. This court will not substitute its judgment for that of the Commission on the issue of witness credibility. Costa, 543 A.2d at 1309.
In addition to finding the testimony of Wall not credible, the Commission had substantial evidence to find that the complainant was better qualified for the Bail Coordinator position than DiPetrillo. The complainant had experience with bail programs, but DiPetrillo did not. The complainant's administrative experience equaled DiPetrillo's administrative experience. The complainant had already performed the duties of Bail Coordinator with success. Finally, the appellant did not have a Hispanic administrator amongst approximately 50 administrators. Such an absence of Hispanics also casts doubt as to the truthfulness of the appellant's reasons for rejecting the complainant.
"The factfinder's disbelief of the reasons put forward by the defendant . . . may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons, will permit the trier of fact to infer the ultimate fact of intentional discrimination. . . ." St. Mary's Honor Center, 113 S.Ct. at 2749. Under the above standard, the Commission could infer that intentional discrimination had occurred when it rejected the appellant's proffered reasons for denying the complainant a promotion. This court finds that the contradictory statements of Wall, the superior qualifications of the complainant, and the absence of any Hispanics amongst the appellants' administrators provided substantial evidence for the Commission to disbelieve the appellant's proffered reasons for denying the complainant a promotion and permitted the Commission to infer intentional discrimination on the part of the appellant. See Edwards v.Occidental Chemical Corp., 892 F.2d 1442, 1447-1448 (9th Cir. 1990) (the court upheld a finding of discrimination where the plaintiff had performed the job as acting supervisor, no one of the plaintiffs protected class had held the position for the last 50 years, and the employer's reasons for not selecting the plaintiff were not credible and were contradictory).
One may prove a discrimination case by indirect evidence. SeeUnited States Postal Service Board of Governors v. Aikens,460 U.S. 711, 714, 103 S.Ct. 1478, 1481, 75 L.Ed.2d 403 (1983). "There will seldom be "eyewitness" testimony as to the employer's mental processes." Aikens, 460 U.S. at 716. The record reveals that the indirect evidence relied on by the Commission was sufficient for the Commission to find an unlawful discriminatory practice.
The appellant cites Foster v. Dalton, 71 F.3d 52 (1st Cir. 1995) in arguing that the appellant's actions were motivated by simple favoritism and that favoritism is not unlawful discrimination under Title VII. However, the court in Foster
emphasized deference to the trial court's factual findings on discrimination. "While the facts of this disparate treatment case can support an inference of discriminatory intent, they can equally support a finding of undiluted favoritism, unmixed with racial animus. On such a record, it is the trial court's prerogative — indeed, its duty — to select the inference that it deems appropriate." Foster, 71 F.3d at 57. A similar situation exists for the instant case. Here, the Commission (the trier of fact) has properly exercised its prerogative to infer discrimination.
Therefore, upon review of the whole record this Court is satisfied that the Commission's decision was supported by reliable, probative, and substantial evidence and was not arbitrary and capricious, nor an abuse of discretion. This court finds that such decision was not in violation of constitutional or statutory provisions. The Commission's decision was not made upon unlawful procedure and was not affected by other error of law such that substantial rights of the appellant have been prejudiced. Accordingly, the Commission's decision which found that the appellant had committed unlawful discrimination on the basis of ancestral origin is affirmed.
Counsel shall prepare the appropriate judgment for entry.