NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 31 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TIMOTHY WALSH AND JASBIR
WALSH,

               Plaintiffs-Appellants,

  v.

COUNTRYWIDE HOME LOANS, INC.;
COUNTRYWIDE BANK, FSB;
SHAPELL INDUSTRIES, INC.; NL,
INC.; RESIDENTIAL PACIFIC
MORTGAGE; BRETT HILLIARD;
JOHN LUEDEMANN; and JOE POLIZZI,

               Defendants-Appellees.

No. 10-15004

D.C. No. 4:09-cv-0446-SBA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Saundra Brown Armstrong, District Judge, Presiding

Argued and Submitted April 12, 2011
San Francisco, California

Before: GOODWIN and N.R. SMITH, Circuit Judges, and COLLINS, District
Judge.[**]

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

Timothy and Jasbir Walsh appeal the dismissal of their action pursuant to Federal Rule of Civil Procedure 41(b) and denial of their motion for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b). We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion. *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (reconsideration). We affirm.

The district court did not abuse its discretion by dismissing the action for failure to comply with a court order. The court found that the Walshes' original response to Appellees' motions to dismiss did not directly address any of the arguments advanced in the motions. Although the court could have dismissed under Federal Rule of Civil Procedure 41(b) at that time, it allowed the Walshes to file a supplemental response and laid out specific instructions in the order. It also advised the Walshes that their failure to file a proper supplemental response could result in dismissal under Federal Rule of Civil Procedure 41(b). Then, upon request of the Walshes, the district court extended its deadline to file the supplemental response by over a month. When the Walshes did file the supplemental response, the district court found that the response failed to comply with the court's order and contained the same defects as the original response.

2

The district court considered the requisite factors necessary for a 41(b) dismissal and applied this legal standard in a way that was neither illogical, implausible, nor unsupported by the record. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002) (discussing factors that district court must consider before dismissing under Federal Rule of Civil Procedure 41(b); *see also United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc) (discussing abuse of discretion analysis). The district court was in the best position to assess whether the circumstances of this case warranted dismissal. *See Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 947 (9th Cir. 1976) ("[T]he district judge's determination that his order was not complied with is entitled to considerable weight on appeal since he is in the best position to assess the circumstances.") (internal citations omitted). As such, this is not a case where we will substitute our judgment for that of the district court.

The Walshes' argument that the incompetence of their attorneys should require greater flexibility from the district court is unavailing. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) ("There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the

3

consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation . . . ."). In any event, the district court demonstrated flexibility when it sua sponte allowed a second opportunity to oppose the motion, gave the Walshes instructions on how to oppose the motion, and granted an extension of time to file the supplemental response.

For the same reason, the district did not abuse its discretion in denying the 60(b) motion. "[P]arties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)." *Casey v. Alberston's, Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004). Any other argument that the district court abused its discretion by denying the motion for reconsideration under Rules 59(e) and 60(b) is waived on appeal. The Walshes devote less than one page of their brief to discussing these issues and make no efforts to explain with any specificity why they qualified for Rule 59(e) or 60(b) relief and why the district court abused its discretion in holding they did not. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review."). In addition, the Walshes fail to cite case authority or the record in

4

support of this argument.  *See U.S. v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) (citing *U.S. v. Williamson*, 439 F.3d 1125, 1138 (9th Cir. 2006)); *see also* Fed. R. App. P. 28(a)(9)(A) ("The Federal Rules of Appellate Procedure require that a brief contain the 'appellant's contentions and the reasons for them, with citations to the authorities and part of the record on which the appellant relies . . . .").

**AFFIRMED.**

Walsh v. Countrywide Home Loans   10-15004

GOODWIN, Circuit Judge, dissenting:

The Walshes' first and central assignment of error states, "It was error to deny the pro se at least one opportunity to amend." The majority opinion fails to address the issue. The Walshes are correct. Therefore, I dissent.

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).[1] "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This principle is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam). "This policy is applied even more liberally to pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987).

There are a number of specific rationales, the *Foman* factors, that justify dismissal without granting leave to amend: undue delay, bad faith, repeated failure to cure deficiencies by previous amendments, undue prejudice, or futility. *Foman*, 371 U.S. at 182. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting

---

[1] Citation is to the Federal Rules of Civil Procedure 2009 Revised Edition, quoting to text effective until December 1, 2009.

leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052. "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Id.*

Here, Defendants-Appellees (Countrywide) opposed the mortgage fraud and other claims alleged in the pro se complaint by filing motions to dismiss and, alternatively, motions for a more definite statement. In response, the Walshes, through counsel retained after the motions had been filed, filed a response that was captioned in part as a "request for leave to amend complaint."

The district court did not grant leave to amend the pro se complaint as requested, and ultimately dismissed it with prejudice. The court, however, never found the presence of any of the *Foman* factors. The court did not, as required by *Eminence Capital*, find the complaint could not be saved by amendment. Instead the district court ordered the Walshes to make a separate filing with specific showings to support leave to amend, and later rejected that filing. The district court applied the wrong legal standard and, therefore, abused its discretion.

The majority, like the district court, characterizes the Walshes' original response to Countrywide's motions as not directly addressing any of the arguments Countrywide advanced in those motions. In fact, the Walshes' original response identified the claims the Walshes were willing to dismiss, named by defendant, loan, and cause of action. The response also properly stated our rule concerning

leave to amend a complaint. In other words, it did directly and acceptably respond to the motions to dismiss and for a more definite statement. More importantly, the nature of the Walshes' response provided no proper rationale for the district court's failure to grant leave to amend. *See Foman*, 371 U.S. at 182.

The district court also tried to justify its failure to grant leave to amend the pro se complaint on the grounds that the Walshes' counsel did not timely meet and confer with Countrywide. This is clear error, as it is undisputed that the Walshes' counsel did, on the last day allowable, meet and confer prior to filing their response, as required by the court's standing orders. Again, this is not a proper rationale to deny leave to amend. *See id.*

Finally, the district court claimed that "it is improper to seek leave to amend under Rule 15 by embedding such a request in a response to a motion to dismiss." Strike three. The failure of a party properly to caption a request for leave to amend or the act of a party to embed the request for leave to amend in an opposition to a motion to dismiss is no bar to granting leave to amend. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990). In fact, a court may construe an opposition as a request for leave to amend even where, unlike here, no formal request for leave has even been made. *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 n.2 (9th Cir. 1990).

Barring any proper rationale to do otherwise, leave to amend the pro se

complaint was presumed and should have been granted when first requested. After the district court's multiple errors in both failing to grant leave and inadequately attempting to justify that decision, the district court's application of Rule 41(b) simply compounded these errors. The district court's initial and primary error must be corrected and our Rule 15 jurisprudence properly applied. I would vacate the dismissal and remand to the lower court to grant leave to amend so that this case can be resolved, as required, on the merits.